TOLEDO (CITY) v. MINNIE WILLINGER.

1. VARIANCE NOT MATERIAL UNLESS ADVERSE PARTY MISLED TO HIS PREJUDICE.

A variance between the petition and proof is not material unless the defendant has been misled to his prejudice in making his defense upon the merits.

2. DESCRIPTION IN PETITION NOT CONSTRUED LIKE DESCRIPTION IN INDICTMENT.

A description in the petition of the place where plaintiff sustained injuries, in an action to recover for damages sustained from falling on a defective sidewalk, will not be construed as strictly as the description in an indictment.

3. NO MATERIAL VARIANCE WHEN PORTIONS OF SAME STREET KNOWN BY DIFFERENT NAME, ETC.

Where one portion of a street is known by a certain name, and the other portion thereof by another name, and the petition, in an action against a municipality to recover for damages sustained from falling on a defective sidewalk, alleges that the accident occurred on a certain street, the fact that the evidence shows that the accident occurred just a few feet from the dividing line of the two portions, and on the portion known by the other name, is not such a variance as will defeat a recovery, there being no claim, or attempt to show at the trial, that the municipality was misled thereby to its prejudice.

ERROR to Lucas common pleas court.

Toledo v. Willinger.

**C. K. Friedman,** for plaintiff in error.

**E. L. Twing,** for defendant in error.

**HULL, J.**

This action was brought by the defendant in error, who was the plaintiff below, against the city to recover for personal injuries, which she claims she sustained by falling on a defective sidewalk in the city. She alleges in her petition that the defective sidewalk was in Griffin street, that part of Griffin street extending from Western avenue to Gordon street, and on the westerly side of the street; and she alleges that between said Western avenue and Gordon street on said Griffin street the plank sidewalk was old, damaged, worn, defective, etc.

The case was tried before the court and jury, and there was evidence tending quite strongly to show that the defective walk, if there was one, was on a street now called Mozart street and not on Griffin street. And, on the other hand, there was evidence tending to show that the defective sidewalk at the place where the woman fell was in fact on Griffin street. At the close of the testimony and before the argument the city, through its solicitor, asked the court to charge the jury as follows:

"1. Before the plaintiff can recover, she must prove by a preponderance of the evidence that she fell on a defective walk on Griffin street, in the city of Toledo.

"2. If you find from the evidence that the plaintiff fell on a walk on Mozart street in the city of Toledo, then your verdict must be for the defendant."

These requests were both refused. And the court charged the jury in his general charge that it was not necessary to prove that the defective sidewalk was at the exact or precise spot laid in the petition "to an inch," the court saying; "It is essential and required that she allege where she was hurt in order that the city may be advised and know what the proof will probably be, when it comes in, and be able to prepare its case, and if one portion of a street be named by one name and another portion of the same street by another name, the fact that an accident occurred across the street or line called by one name upon a portion of the street called by another name, would not defeat the recovery, would not be such a variance as would defeat the recovery." And the court charged the jury that they must be satisfied that the defect in regard to which evidence had been offered, was the one that was counted upon by the plaintiff in her petition.

Counsel for the city urge that the action of the court in refusing to give the above requests was erroneous, for the reason that the plaintiff

33  O. C. C. Vol. 27

Lucas County.

was not entitled to recover, unless the evidence showed that she fell upon the street named in her petition, to wit, Griffin street, and claiming that the evidence showed that she did not fall upon Griffin street, but upon Mozart street, and that therefore she was not entitled to recover.

The trial resulted in a verdict for the plaintiff in the sum of $500, upon which judgment was entered.

The refusal of the court to charge the jury as requested raises the sole question in the case. The plaintiff alleged in the petition that the accident occurred on Griffin street, between Gordon street and Western avenue. There was a distance of about two squares between these two streets. It appears from a plat introduced in the case that Griffin street run in a northwesterly direction toward Western avenue, until it was within about 113 feet of Western avenue, then the street turned due north and from that point on to Western avenue it is now, and has been since 1898 called Mozart street, and was formerly known as Ann street. The accident occurred near a lot owned by a Mr. Sapp, fronting on Western avenue and running back to Griffin street, the rear end of the lot fronts on Griffin street, the west side of the lot is on Mozart street. At the rear of the lot was a barn which fronted or abutted on Griffin street. Griffin street came up diagonally toward Western avenue, as I have said, until it reached a point at the distance named, about 113 feet from Western avenue, then the street turned north, and there the name changed to Mozart street. Some of the witnesses testified that the defective sidewalk was at the rear of Sapp's lot on Griffin street. Others testified that the defective sidewalk was at the east side of Sapp's lot, which would be around the corner on Mozart street. They all agreed that the defective walk was near Sapp's barn, which was at the rear end of his lot. And from the testimony of the plaintiff we think it quite probable that she fell just around the corner of Griffin and Mozart streets. She says, "It was just at the curve, near the barn." She is not very definite or very clear as to whether it was on Griffin or Mozart street, she thinks it was Griffin street. And it is apparent from her petition that she and her counsel were of the impression when the petition was prepared that Griffin street extended around the corner on through to Western avenue. Evidently neither the plaintiff nor her counsel had any knowledge of any change in the name from the corner on north. She fell, either on Griffin street, or a few feet from Griffin street on Mozart street near where the turn was made and the street under the name of Mozart street, then runs due north to Western avenue. The accident occurred, either at the rear of Sapp's lot, or just around this corner upon the east side of his lot. There was evidence tending to

Toledo v. Willinger.

show that it occurred in fact, upon Griffin street, or that the defective sidewalk was on Griffin street; and, on the other hand, evidence tending to show it was on Mozart street; we think it probably was just over the line on Mozart street, and the question is, whether, if that be true, it constituted such a variance as was fatal to the plaintiff's case. Laning R. L. 8806 (R. S. 5294) provides that:

"No variance between the allegation in a pleading, and the proof, shall be deemed material, unless it has actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits, and when it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended, upon such terms as are just."

There is no claim in this case that the city was mislead by this allegation in the petition and the proof that was offered upon the trial, and no attempt was made on the trial to prove or show to the court that the city had been misled or prejudiced by reason of that. The statute provides that in order to make a variance material, it must appear that the adverse party has been misled to his prejudice in his action or defense upon the merits. The questions in this case, the real issues were, whether the plaintiff had been injured on account of a defective sidewalk within the city of Toledo; whether the city had been negligent in that regard and whether the plaintiff had been guilty of contributory negligence. It was not very material where the sidewalk was, so that it was within the limits of the city of Toledo. But to enable the city to defend the case properly, and procure its evidence it was necessary that the plaintiff allege in her petition where the defect was. And if the claims of the city are true, her counsel made a mistake of a few feet in stating in the petition that it was on Griffin street instead of on Mozart street. But after an examination of the record, we are clear that the city was not misled by this allegation in the petition; that it was not prejudiced in any way in making its defense.

There does not seem to have been any other defect in that neighborhood that would mislead the city in preparing its defense. Counsel and everyone connected with the case seemed to know where this alleged defect was in the sidewalk. The purpose of the allegation in the petition was to advise the city where it was. It either was on Griffin street, as I have said, or just beyond the turn on that part of the street called Mozart. It was really all one street, and one not acquainted with the city, if there were no street signs up, walking along there would have no reason to suppose that the name of the street changed at this curve,

Lucas County.

where Griffin street ran into Mozart, or Mozart street run into Griffin, as you may call it,—about as Adams street in Toledo runs into Ashland avenue. The plaintiff describes this defective sidewalk as being in Griffin street instead of Mozart street. There was, as stated, some conflict in the evidence as to which street it was upon; but if it were conceded that it was in that part of the street called Mozart, we cannot find from the record that the city would be prejudiced in any respect by such a mistake in the petition. It was not very material whether these defective boards were on one side or the other of that corner.

There are decisions of the Supreme Court under Lan. R. L. 8806 (R. S. 5294) on the question of variance, which indicate the view of the court upon this subject: *Piatt* v. *Longworth*, 27 Ohio St. 159, 160; *Ralston* v. *Kohl*, 30 Ohio St. 92; *Lake Co. (Comrs.)* v. *Ashtabula Co. (Comrs.)* 24 Ohio St. 393, 399. The fourth paragraph from the syllabus in the case of *Piatt* v. *Longworth, supra,* page 160, is as follows:

"To constitute a variance between the allegations and the proofs, the difference must be as to the substantial elements of the case, and not as to legal conclusions from the facts drawn by the pleader."

A petition in a case of this character should not be construed as strictly as an indictment. A description of the place where the plaintiff fell will not be construed as strictly as the description or allegation of ownership in an indictment. The allegation is made for the purpose of advising the city where the accident occurred and for no other purpose; and we are unable to see that the city was misled by this mistake, if there was one in the petition, or suffered any damage or prejudice from it, nor was that claimed upon the trial. It is not claimed that the evidence is not sufficient to warrant a verdict and judgment in favor of the plaintiff upon the facts shown in regard to the sidewalk and injury. The judgment of the court of common pleas will therefore be affirmed.

**Parker** and **Haynes, JJ.,** concur.